IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS JOSEPH DURAN,<br><br>Defendant. | CR 22-56-M-DWM-2<br><br><br>ORDER |

On November 18, 2025, Defendant Thomas Joseph Duran filed a motion

under 18 U.S.C. § 3582(c) seeking to reduce his 66-month drug sentence.  (Doc.

76; *see* Doc. 69 (Judg.).)  A defendant may only file a motion for compassionate

release with the district court once the defendant has "fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request

by the warden of the defendant's facility, whichever is earlier."  18 U.S.C.

§ 3582(c)(1)(A).  Here, Duran did not submit a request for compassionate release

to the warden of the institution where he is incarcerated, explaining that he chose

not to do so because a "policy change" renders such a request "no longer

necessary."  (Doc. 76 at 3.)  Although the First Step Act of 2018 did provide

individuals with the ability to pursue a motion for compassionate release directly,

1

seeking relief from the Bureau of Prisons is required before bringing such a

motion.  18 U.S.C. § 3582(c)(1)(A).  Duran has therefore failed to exhaust his

administrative remedies as required by statute.

Accordingly, IT IS ORDERED that Duran's motion, (Doc. 76), is DENIED.

Duran may renew his motion after complying with the administrative exhaustion

requirement in 18 U.S.C. § 3582(c)(1)(A).

DATED this __19__ day of November, 2025.

 

_____

Donald W. Molloy, District Judge
United States District Court